**McGillivary Steele Elkin LLP**

Application **GRANTED.** The initial pretrial conference is **ADJOURNED** from May 1, 2024, to **September 4, 2024, at 2:30 P.M. EST.** The parties shall join the conference by dialing (646) 453 - 4442 and entering the conference ID: 660 552 069, followed by the pound sign (#). The parties shall file the joint status letter and proposed case management plan by **August 28, 2024.** The City shall promptly produce payroll and timekeeping data for Plaintiffs who joined this lawsuit after February 23, 2024, including any Plaintiffs who file consent to sue forms following issuance of this order, i.e., on a rolling basis. The parties shall file a status letter by **May 10, 2024,** stating the date of mediation and confirming that the City has produced the documents relevant to facilitating mediation. In light of the lengthy extensions given, the parties are apprised that further extensions are unlikely to be granted absent a showing of compelling circumstances. So Ordered.

Dale E. Ho
United States District Judge
Dated: April 25, 2024
New York, New York

**VIA ECF**
Hon. Dale E. Ho
United Stated District Court
Southern District of New York
500 Pearl Stret
New York, NY 10007

Re:   *Wynne, et al. v. City of New York*, Case No. 1:23-cv-09955-DEH

Dear Judge Ho,

We represent the Plaintiffs in the above-referenced case and write on behalf of both Parties pursuant to Section 2(e) of Your Honor's Individual Rules and Practices in Civil Cases to jointly request an adjournment of the Initial Pretrial Conference scheduled for May 1, 2024 at 2:30 P.M., as well as today's deadline to submit a joint status letter and proposed Case Management Plan. *See* Dkt. 31. This is the Parties' second request for an adjournment of these dates.

As noted in the Parties' first request for an adjournment (Dkt. 30), the Parties anticipated that they would be able to complete mediation in April. The Parties were unable to do so because the City is still in the process of obtaining and producing all necessary payroll and timekeeping data for Plaintiffs. While the City did produce most payroll and timekeeping data for Plaintiffs whose consent to sue forms were filed prior to February 23, 2024, to date, it has yet to produce any of these records for Plaintiffs filed on or after February 23, 2024. The most recent consent forms were filed earlier this week. Although the City is actively working on the collection and production of the outstanding records, given the number of plaintiffs in the case, this has taken longer than anticipated. Without these records, Plaintiffs cannot make a demand, and the Parties cannot engage in meaningful mediation.

As soon as defense counsel has an expected pay and time records production timeline, they will inform Plaintiffs' counsel of that date. At that time, the Parties will reschedule their mediation to a date that will allow time for: Defendant to produce the data to Plaintiffs' counsel; Plaintiffs' expert to calculate damages; Plaintiffs to make a settlement demand and share their damages model with Defendant; and Defendant to obtain the necessary authority from the Comptroller to engage in mediation.

The Parties remain optimistic that they will be able to resolve the case at or before formal mediation, which they are optimistic can take place within the next 120 days (i.e., by August 22, 2024). Accordingly, the Parties request that the Initial Pretrial Conference and associated deadlines be adjourned until after the mediation to allow the Parties a chance to resolve this case without unnecessarily expending the Court's resources. The Parties further request that by May 10, 2024, they file a Joint Status Letter informing the Court of the date of their rescheduled mediation.

April 24, 2024<br>Page 2

We thank the Court for its consideration.

    Sincerely,

McGILLIVARY STEELE ELKIN LLP

Molly A. Elkin

cc:    All counsel (via ECF)